IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY BARRY HOPKINS,                    *

   v.                                                          *   CIVIL ACTION NO. PWG-15-1981

CLARENCE MITCHELL                           *
CIRCUIT COURT,[1] *et al.*,
                                         ******

## MEMORANDUM

On July 1, 2015, Petitioner Anthony Barry Hopkins filed a 28 U.S.C. § 2254 habeas corpus application attacking convictions entered on February 19, 2014, in the Circuit Court for Baltimore City. ECF Nos. 1 & 3.   Having used the incorrect forms, Petitioner was provided an opportunity to supplement the Petition and directed to provide information regarding state court challenges to his conviction.   ECF No. 2.   Petitioner supplemented his Petition. ECF 3.   After examining these papers, the Court finds no need for an evidentiary hearing.   *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2).   For the reasons that follow, the Petition will be denied without prejudice as unexhausted.[2]

Petitioner indicates that his constitutional rights were violated during his state court criminal proceedings. Specifically, he alleges that his right to a speedy trial was violated, the trial court abused its discretion regarding a postponement request, the evidence was insufficient to sustain his conviction, he was denied due process, and he was deprived of medication during his

---

[1] The Clerk will be directed to correct the name of the Defendant to "Clarence Mitchell Circuit Court," consistent with the Supplement. Supp. 1.

[2] Petitioner alleges that he is "mentally challenge[d]," Supp. 5, and has a "mental[] disability," and that "someone is helping [him]" with his Petition, Pet. 4.  Although a guardian ad litem may need to be appointed for Petitioner if he files a new claim after he has exhausted his state court remedies, *see* Fed. R. Civ. P. 17(c)(2), appointment is unnecessary at this time, given that he has not exhausted his state court remedies and this case cannot proceed.

trial. Supp.   He indicates that his Petition for Writ of Certiorari filed after the denial of his direct appeal is pending in the Maryland Court of Appeals and his Petition for Post-Conviction relief is pending in the Circuit Court for Baltimore City. *Id.* at 3.

A review of the Maryland Judiciary Case Search[3] reveals that Petitioner's case remains on appeal. There is no indication that a Petition for Post-Conviction Relief has been filed on Petitioner's behalf.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.   For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301. Petitoenr has yest to complete direct appellate review.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Code Ann., Cts. & Jud. Proc. § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of

---

[3] http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

Appeals. *Williams v. State*, 428 A.2d 1301, 1305 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court. If unsuccessful, the claim must then be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-101 *et seq.* If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A.2d 670, 670-71 (Md. 1991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Grayson v. State*, 728 A.2d 1280, 1285 (Md. 1999).

Petitioner has not yet completed appellate review and he has not begun post-conviction review. His petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Petitioner is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[4] Should he wish to

---

[4]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

refile this petition once he has exhausted state court remedies, Petitioner should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

_____
Date

_____
Paul W. Grimm
United States District Judge

---

retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4